UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, AS TRUSTEE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-67-BAJ-RLB |
| ROGER JOSEPH LAUGAND, AKA ROGER J. LAUGAND AND CHERYL LYNN LAUGAND, ET AL. | |

**NOTICE AND ORDER**

Before the Court is a Notice of Removal filed by defendant Roger Joseph Laugand on February 7, 2017. (R. Doc. 1). The Civil Cover Sheet filed by Mr. Laugand asserts that the action was removed on the basis of diversity jurisdiction. (R. Doc. 1-1). While Mr. Laugand references the diversity jurisdiction statute, 28 U.S.C. § 1332, in the Notice of Removal, he does not make any assertions regarding the citizenship of the parties or the amount in controversy at issue. The party seeking removal on the basis of diversity jurisdiction bears the burden of demonstrating that the Court can properly exercise diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

On March 13, 2017, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-14 filed a motion to remand. (R. Doc. 6). That motion does not seek remand on the basis of lack of diversity jurisdiction.

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)).

A party invoking diversity jurisdiction must allege the citizenship (i.e., <u>domicile</u>), rather than mere residence, of each individual party. *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th Cir. 1981). The citizenship of the defendants – Roger Joseph Laugand and Cheryl Lynn Joseph Laugand – is not asserted in either the Notice of Removal or the Petition.

Where a trustee of a traditional trust files a lawsuit in its own name, the trustee's citizenship "is all that matters for diversity purposes." *Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C.*, 847 F.3d 302, 307 (5th Cir. 2017) (quoting *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). The citizenship of a corporation is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). A corporation's principal place of business is its "nerve center," meaning "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). The citizenship of the plaintiff – The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the

CWABS, Inc., Asset-Backed Certificates, Series 2006-14 – is not asserted in the Notice of Removal or the Petition.

Based on the foregoing, it is unclear whether this Court can exercise *diversity* jurisdiction over this action.[1]

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. § 1653 that, on or before **June 8, 2017**, the removing defendant, Roger Joseph Laugand, shall file an amended notice of removal providing the citizenship of the defendants **Roger Joseph Laugand** and **Cheryl Lynn Joseph Laugand,** and the citizenship of the plaintiff **The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-14**, by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on May 18, 2017.

                                                        **RICHARD L. BOURGEOIS, JR.**
                                                        **UNITED STATES MAGISTRATE JUDGE**

---

[1] Whether there is federal question jurisdiction pursuant to 28 U.S.C. § 1331, or whether or not this matter should be remanded for certain procedural reasons, is currently the subject of a motion to remand and will be addressed by the court in a separate order.