# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, AS TRUSTEE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-67-BAJ-RLB |
| ROGER JOSEPH LAUGAND, AKA ROGER J. LAUGAND AND CHERYL LYNN LAUGAND, ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 21, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA BANK OF NEW YORK, AS TRUSTEE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-67-BAJ-RLB |
| ROGER JOSEPH LAUGAND, AKA ROGER J. LAUGAND AND CHERYL LYNN LAUGAND, ET AL. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Doc. 10). For the following reasons, the undersigned recommends the Motion be **GRANTED** and this case **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

**I.    Background**

On July 5, 2016, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-14 ("Plaintiff" or "The Bank of New York"), filed a Petition for Mortgage Foreclosure by Executory Process with Appraisal in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. (R. Doc. 1-2, "Petition"). The Petition named as defendants Roger Joseph Laugand and Cheryl Lynn Joseph Laugand ("Defendants"). (Petition, ¶ 1). The Bank of New York alleges that Defendants defaulted on a promissory note secured by certain real property in East Baton Rouge Parish, and has exercised its option to accelerate payment on the amounts owed by way of executory process. (Petition, ¶¶ 2-12). The Bank of New York prays that the real property be seized and sold at auction; and that it be paid from the proceeds of the

1

sale the principal amount of $296,975.14, as well as interest, costs, and reasonable attorney's fees. (Petition, ¶ 13).

On February 7, 2017, Roger Laugand, proceeding *pro se*, removed the action to this court. (R. Doc. 1). The Notice of Removal primarily asserts that this Court has subject matter jurisdiction based on the federal question statute, 28 U.S.C. § 1331. Mr. Laugand appears to assert that the Court has federal question jurisdiction pursuant to the 5th and 14th Amendments of the U.S. Constitution and 42 U.S.C. § 1983. Mr. Laugand also appears to assert that this action is proper pursuant to Rule 5.1 of the Federal Rules of Civil Procedure. Mr. Laugand references the diversity jurisdiction statute, 28 U.S.C. § 1332, but does not make any assertions regarding the citizenship of the parties or the amount in controversy at issue. Nevertheless, in his Civil Cover Sheet, Mr. Laugand asserts that the action was removed on the basis of diversity jurisdiction. (R. Doc. 1-1). Plaintiff served the Notice of Removal on The Bank of New York by U.S. Mail. (R. Doc. 1 at 9).

On February 9, 2017, Defendants filed a separate original action in this Court seeking relief pursuant to 28 U.S.C. § 1983 with regard to the same foreclosure. *See Laugand v. The Bank of New York Mellon*, No. 17-cv-93-BAJ-RLB (M.D. La.).

On March 13, 2017, The Bank of New York filed the instant motion to remand based on procedural defects in removal, and federalism and/or comity principles. (R. Doc. 6). The Bank of New York does not seek remand on the basis of lack of subject matter jurisdiction.

II.     **Arguments of the Parties**

The Bank of New York argues that remand is appropriate on three grounds. First, it argues that remand is appropriate because the removal was made only by the *pro se* defendant Roger Laugand, and his *pro se* co-defendant Cheryl Laugand did not consent to the removal. (R.

Doc. 6-1 at 2). Second, it argues that remand is appropriate because the action is time-barred as it was not removed within the time period proscribed by 28 U.S.C. § 1446(b). (R. Doc. 6-1 at 2). Third, it argues that remand is appropriate to "help preserve the dichotomy of federal and state sovereignty" because the action involves "mostly state law issues." (R. Doc. 6-1 at 2-3).

Among other things, Mr. Laugand argues that the motion is untimely pursuant to 28 U.S.C. § 1447(c) because it was not made within 30 days of removal as required by 28 U.S.C. § 1447(a). (R. Doc. 10 at 3-4). Mr. Laugand also asserts that the federal court should not abstain from hearing the removed action because it properly challenges the constitutionality of Louisiana's foreclosure proceedings. (R. Doc. 10 at 7).

### III. Law and Analysis

#### A. The Motion to Remand is Untimely

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Fifth Circuit has expressly stated that "all removal defects are waivable except for lack of original subject matter jurisdiction." *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992).

Mr. Laugand filed his Notice of Removal on February 7, 2017, indicating that he served The Bank of New York via U.S. Mail through its attorney of record. (R. Doc. 1 at 9-10). The Motion to Remand (R. Doc. 6) was filed by The Bank of New York on March 13, 2017, thirty-four days after the Notice of Removal. While The Bank of New York does not explain its timing in its Motion, nor did it file a Reply to Mr. Laugand's Opposition, it was presumably relying upon the mailing provision found in Fed. R. Civ. P. 6(d), which states the following:

> When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other

means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

This provision is not, however, applicable to the thirty-day period provided for the filing of a motion to remand, wherein a party must act within a specified time from the date of filing. The case of *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 566-67 (5th Cir. 1995), is instructive on this point. There, the Fifth Circuit noted that Fed. R. Civ. P. 6(d) "does not extend the thirty-day period of § 1447(c), as that rule applies only when a party is required to act within a prescribed period after *service*, not after *filing*." *Pavone*, 52 F.3d at 566 (emphasis in original). 28 U.S.C. § 1447 requires a party to remove an action within thirty days of filing, not service. Accordingly, The Bank of New York's Motion to Remand (R. Doc. 6) is untimely, having been filed thirty-four days after the filing of Mr. Laugand's Notice of Removal.

"[A] plaintiff waives his right to remand on the basis of procedural defects—like untimely removal—if he fails to file a motion to remand on the that basis within thirty (30) days after notice of removal is given." *Tommaso v. State Farm Lloyds*, 2016 WL 6883042, at *1 (S.D. Tex. Sept. 28, 2016) (citing, at n. 24, 28 U.S.C. § 1447(c); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992)). Here, The Bank of New York raises timeliness and lack of consent of a co-defendant as grounds for remand. (R. Doc. 6 at 2). Both of these are procedural defects that are waived when a motion to remand is not filed timely. *See Ameri v. J.C. Penney Corp., Inc.*, 2013 WL 4067832, at *2 (W.D. La. Aug. 12, 2013) ("As stated in the Magistrate Judge's ruling, timeliness of the removal and the filing of the co-defendant's consent are non-jurisdictional procedural defects that must be raised within 30 days of the filing of the notice of removal."). Because the Court finds the removal untimely, these procedural defect arguments are waived, and The Bank of New York's Motion to Remand (R. Doc. 6) is denied on these grounds.

### B. Subject Matter Jurisdiction

Subject matter jurisdiction, unlike the waiver of procedural defects discussed above, cannot be created by waiver or consent. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("[S]ubject-matter jurisdiction cannot be created by waiver or consent."). A federal court has an independent duty to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Abdalmatiyn v. Harrison*, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) ("A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case."). Further, a "federal court may raise subject matter jurisdiction *sua sponte*." *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

Here, The Bank of New York instituted a foreclosure by way of executory process against Defendants in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. (R. Doc. 1-2 at 5-9). Reading Mr. Laugand's Notice of Removal broadly, he alleges removal is proper based on both diversity and federal question. (R. Doc. 1 at 3; R. Doc. 1-1). More specifically, Mr. Laugand cites 28 U.S.C. § 1332 for the proposition that it, in part, serves to "divest and disqualify this state court from taking any further action in the underlying case for lack of jurisdiction," but does not discuss this argument in his briefing. (R. Doc. 1 at 3). And, while Mr. Laugand does not cite 28 U.S.C. § 1331, he argues in his Notice of Removal that "the current Louisiana statutory scheme governing foreclosure proceedings… is not consistent with procedural or substantive due process and equal protection under the U.S. Constitution's 5th and 14th amendment[s]." (R. Doc. 1 at 3). Mr. Laugand further suggests that he has "additional civil

rights based claims for this challenge under *42 USC 1983* as he is being discriminated against based on his senior age, African-American ethnicity." (R. Doc. 1 at 6).

1. **Federal Question Jurisdiction**

Mr. Laugand does not argue that The Bank of New York raises a federal question in its complaint. Rather, Mr. Laugand argues, as an apparent defense to the foreclosure proceeding, that Louisiana's statutory foreclosure scheme is unconstitutional and that The Bank of New York violated his civil rights. Courts determine subject matter jurisdiction by looking to the "well-pleaded complaint" rule, which confers federal jurisdiction only when a federal question appears on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, The Bank of New York instituted a foreclosure proceeding against Defendants, seeking foreclosure on certain mortgaged property by way of executory process with appraisal under the laws of the State of Louisiana. "Courts determine subject matter jurisdiction by looking to the 'well-pleaded complaint' rule, which confers federal jurisdiction only when a federal question appears on the fact of the plaintiff's complaint." *Redus v. Univ. of the Incarnate Word*, 61 F.Supp. 3d 668, 675 (W.D. Tex. 2013) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The face of Plaintiff's complaint does not raise a federal question or seek any form of relief under federal law.

"*Potential defenses… do not provide a basis for removal.*" *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005) (emphasis in original). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Mr. Laugand's argument is not that The Bank of New York stated a federal question that forms the basis of subject matter jurisdiction, but rather his defenses and/or counterclaims purport to do so. Such is not the law, however, and subject matter jurisdiction is not appropriate on this ground.

## 2. Diversity Jurisdiction

Without federal question jurisdiction, the only other basis for subject matter jurisdiction potentially available is under diversity of citizenship. Mr. Laugand suggests in his Notice of Removal (R. Doc. 1), that diversity jurisdiction is appropriate under 28 U.S.C. § 1332. Mr. Laugand filed his Amended Notice of Removal (R. Doc. 19) on June 7, 2017 in order to provide sufficient information with regard to the citizenship of the parties pursuant to this Court's Order (R. Doc. 17) dated May 18, 2017. In his Amended Notice of Removal, Mr. Laugand suggests that Plaintiff's state of incorporation and "primary nerve center" is in New York, while Mr. and Mrs. Laugand are both citizens of Louisiana. (R. Doc. 19 at 6). Furthermore, The Bank of New York's Petition for Mortgage Foreclosure by Executory Process with Appraisal (R. Doc. 1-2 at 5-9) alleges that Mr. and Mrs. Laugand borrowed $255,000 (R. Doc. 1-2 at 5), and seeks $296,975.14 for the alleged balance due on the loan (R. Doc. 1-2 at 8), along with other damages.[1]

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Here, Plaintiff's allegations of damages are sufficient to meet the $75,000 required amount in controversy for purposes of diversity jurisdiction.[2]

---

[1] *See Fed. Nat. Mortg. Ass'n v. Salako*, 2013 WL 1703570, at *2 (N.D. Tex. Mar. 27, 2013), report and recommendation adopted, 2013 WL 1715315 (N.D. Tex. Apr. 19, 2013) ("*If no amount of damages has been alleged in the state court petition*, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.") (Emphasis added).

[2] To the extent The Bank of New York would have had any argument based upon the forum-defendant rule found in 28 U.S.C. § 1441(b)(2), such argument is procedural in nature and, therefore, waived by the untimely filing of the remand motion. *See New Life Assembly of God of City of Pampa, Tex. v. Church Mut. Ins. Co.*, 2015 WL 2234890, at *2 (N.D. Tex. May 12, 2015) (citing *Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) ("The Fifth Circuit has recognized that the presence of an in-state forum defendant under 28 U.S.C. § 1441(b)(2) is a procedural defect—not a subject matter jurisdiction defect—and is waived if a plaintiff first raises the defect more than thirty days after removal.").

Assuming diversity of parties, a sufficient amount in controversy, and the waiver of any procedural defects as a result of Plaintiff's untimely filing of its Motion to Remand, it would seem this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The maintenance of a foreclosure proceeding in federal court is, however, exceedingly rare. Indeed, the question arises as to whether the exercise of subject matter jurisdiction over a foreclosure proceeding is appropriate, and if not, whether the Court has the authority to decline to exercise jurisdiction.

The Bank of New York filed its Petition for Mortgage Foreclosure by Executory Process with Appraisal (R. Doc. 1-2 at 5-9), specifically availing itself of the executory process proscribed under Louisiana law at La. C.C.P. art. 2631, *et seq.* La. C.C.P. art. 2635 states that a plaintiff must submit certain evidence "[i]n order to prove his *right to use executory process* to enforce the mortgage." (Emphasis added). Despite this apparent "right to use executory process," federal law does not provide a procedural equivalent to Louisiana's executory proceeding, and cases seeking such relief in federal court are subject to dismissal. *See F.D.I.C. v. Saxena*, 1994 WL 202364, at *1 (E.D. La. May 16, 1994) (noting that "an executory proceeding under Louisiana law does not comport with the requirements of the Federal Rules of Civil Procedure" and dismissing case); *BancBoston Mtg. Corp. v. Wilson,* 1988 WL 76229 (E.D. La. July 11, 1988) (dismissing complaint for executory process).

This Court must resolve the conflict between an apparent "right to use" executory process under Louisiana law with the federal system's "virtually unflagging obligation" to exercise the jurisdiction provided to it. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The starting point of this analysis is the foundation of the federal courts' removal jurisdiction. 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts

of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, in order to be removable, the case must be one in which a federal court would have original jurisdiction were it to have been filed in federal court at the outset.

The Court finds that, where a plaintiff has a "right to use" executory process, and executory process is not available to a litigant in federal court, and that litigant has neither consented nor converted the case to an ordinary proceeding, a federal court does not have original jurisdiction. Further, without original jurisdiction, a case is not removable.

This finding is supported by several well-reasoned principles. First, it is a well-settled principle that "[f]ederal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It has been stated that an executory proceeding to foreclose on a mortgage is not a civil action in which a federal district court would have original jurisdiction because of the lack of availability of executory process in the federal courts. *See First Bank & Tr. v. Swope*, 2008 WL 4059860, at *2 (E.D. La. Aug. 25, 2008) ("The defendants are correct that, at the time the executory proceeding was filed in state court, it was not removable to federal court."); *F.D.I.C. v. Saxena*, 1994 WL 202364 (E.D. La. May 16, 1994). If the federal system cannot entertain a procedure a litigant has a right to use under state law, the propriety of the exercise of subject matter jurisdiction is called into question.

In *First Bank & Tr. v. Swope*, 2008 WL 4059860, at *2 (E.D. La. Aug. 25, 2008), the court noted the following:

> The defendants are correct that, at the time the executory proceeding was filed in state court, it was not removable to federal court. "Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law." La. Code Civ. Pro. art. 2631. A federal court cannot issue a writ of seizure and sale in an executory proceeding because the lack of a requirement of citation and judgment before seizure and sale of property does not comply with Rules 4(b) and 12(a) of the Federal Rules of Civil Procedure, which require that a summons and complaint be served on the defendant to answer within 20 days. *See FDIC v. Saxena,* 1994 WL 202364 (E.D. La.1994) (unpublished). Seizure of the property became available in federal court when the action was converted to an ordinary proceeding, which comports with the federal rules. *See id.*

Similarly, in *Midsouth Bank, N.A. v. McZeal*, 2011 WL 2173655, at *1-2 (W.D. La. June 1, 2011), although the court ultimately found it did not have federal question or diversity jurisdiction, it stated, "not only is an executory proceeding predicated on state law, *see, e.g.*, La. Rev. Stat. Ann. § 9:5555, it cannot be prosecuted under federal law."

Second, the exercise of jurisdiction over a foreclosure proceeding undoubtedly opens the door to a litany of litigation historically reserved to state courts. In *Leggette v. Washington Mut. Bank. FA*, 2005 WL 2679699, at *3-5 (N.D. Tex. Oct. 19, 2005), the court declined the exercise of federal question jurisdiction over a wrongful foreclosure action on the grounds that doing so would upset the traditional balance between federal and state judicial responsibilities. In so holding, the *Leggette* court opined that "[e]xercising federal jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of judicial responsibilities from state to federal courts." Citing the Supreme Court's decision in *Grable & Sons Metal Products v. Darue Engineering & Manufacturing*, 545 U.S. 308, 319 (2005), the court goes on to note that "Litigating state-law foreclosure lawsuits such as Leggette's in a federal forum thus 'threaten [s] to affect… the normal currents of litigation,' in which foreclosure proceedings are generally litigated in state courts." *Legette*, 2005 WL 2679699 at *4. Although this instant litigation arises in the context of diversity jurisdiction, the same

principles are applicable, especially considering a creditor's right to use executory process under Louisiana law.

The case of *Thermo Credit L.L.C. v. Centric Voice, Inc.*, 2008 WL 4691839 (E.D. La. Oct. 22, 2008), does not control the outcome in this case. There, the creditor filed suit against the debtor in federal court seeking to foreclose by executory process on certain accounts receivable and other movable property owned by the defendants, which property was used to secure a promissory note in favor of the creditor. The defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff had failed to state a claim upon which relief could be granted because a request for executory process is not a proper proceeding in federal court. The *Thermo Credit* court notes that plaintiff "asks that the Court permit this case to proceed as an ordinary civil action pursuant to Rule 4 of the Federal Rules of Civil Procedure" in the event the court were to find that executory process is improper in this matter.

This case is distinguishable from *Thermo Credit* on several fronts. First, where *Thermo Credit* deals with a motion to dismiss in an action initially filed in federal court seeking executory process, this case was originally filed by The Bank of New York in state court to enforce its right to use executory process. The issue of subject matter jurisdiction was not before the court. Rather, the issue was whether the federal court could entertain a Louisiana executory proceeding. Second, and perhaps most importantly, the creditor in *Thermo Credit* requested conversion to an ordinary proceeding in the event the federal court found executory process unavailable, evidencing its relinquishment of its right to use executory process. The *Thermo Credit* court held that "Plaintiff cannot receive the relief sought by executory process." 2008 WL 4691839 at *4. While the court noted that "the parties are properly before the Court under diversity jurisdiction," it did not directly confront the issue of subject matter jurisdiction because

11

it was able to maintain the suit as an ordinary action due to the creditor's consent to that conversion.

Additionally, the jurisprudence finding diversity jurisdiction proper over a wrongful foreclosure action, such as *Tu Nguyen v. Bank of America, N.A.*, 516 F.App'x 332 (5th Cir. 2013), is not controlling of the outcome herein for two reasons. First, wrongful foreclosure actions are actions ancillary to the foreclosure proceeding itself and, thus, are contextually distinguishable from a direct foreclosure proceeding. Second, and in the same vein as the first point, a wrongful foreclosure proceeding does not raise the question of the propriety of the court's original jurisdiction as such a proceeding does not seek to invoke the right to use executory process.

The Bank of New York filed, in state court, a Petition for Mortgage Foreclosure by Executory Process with Appraisal. (R. Doc. 1-2). Significantly, The Bank of New York has not consented to nor requested a conversion to an ordinary proceeding and, therefore, has not waived its right to use executory process. If executory process is improper in federal court, which it is, and if a creditor has a right to use executory process under Louisiana law, which it does, it necessarily follows that a civil action seeking executory process removed to federal court is not removable where the creditor does not request or consent to conversion to an ordinary proceeding because it is not one that would be within the original jurisdiction of the federal district courts. To hold otherwise would destroy the well-settled right to use executory process as well as the well-settled balance between federal and state courts. Accordingly, this instant action should be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

## IV. Conclusion

Based on the foregoing, this Court does not have subject matter jurisdiction as this action is one in which the court does not have original jurisdiction.

## **RECOMMENDATION**

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED** and this action **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on September 21, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**