Clerk 19th JDC - Certified

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON | CIVIL ACTION |
| VERSUS | |
| ROGER JOSEPH LAUGAND, ET AL. | NO.: 17-00067-BAJ-RLB |

## RULING AND ORDER

Before this Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 21)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the Motion to Remand (Doc. 6) filed by Plaintiff, which was opposed. (Doc. 10). This case involves a Petition for Mortgage Foreclosure by Executory Process with Appraisal filed by Plaintiff in state court. (Doc. 1-2). Plaintiff alleges that Defendants defaulted on a promissory note secured by certain real property in East Baton Rouge Parish, and requests the principal amount of $296,975.14, along with other damages. (Doc. 21 at pp. 2–3). Plaintiff, a citizen of New York, has exercised its option to accelerate payment on the amounts owed by way of executory process against Defendants, citizens of Louisiana, in Louisiana state court. (Doc. 21 at pp. 2, 8). However, Defendants seek removal to federal court on the basis of federal question jurisdiction pursuant to 42 U.S.C § 1983 and the Fifth and Fourteenth Amendments under 28 U.S.C. § 1331, diversity jurisdiction under 28 U.S.C. § 1332, and Rule 5.1 of the Federal Rules of Civil Procedure.[1] (*Id.* at p. 3).

---

[1] Rule 5.1 requires a party that files a pleading, written motion, or other paper questioning the constitutionality of a state statute to file a notice of constitutional question and serve it on the state

The Magistrate Judge recommended that Plaintiff's Motion to Remand be granted. (*Id.* at pp. 2, 14). Although Plaintiff's Motion to Remand was untimely, given that Plaintiff's motion was filed thirty-four days after the Notice of Removal,[2] the untimeliness of the motion only waived procedural defects. (*Id.* at p. 4–5). Therefore, the Magistrate Judge was left to analyze whether the Court had subject matter jurisdiction.[3] (Doc. 21 at p. 6).

In addressing this Court's federal question jurisdiction pursuant to § 1331, the Magistrate Judge concluded that Defendants' arguments under § 1983 and the Fifth and Fourteenth Amendments are defenses to the foreclosure proceeding. (*Id.* at p. 7). Defendants' argument is not that Plaintiff stated a federal question in its state court petition warranting removal to federal court, but rather that Defendants raise federal defenses and counterclaims to Plaintiff's petition. (*Id*). According to the "well-pleaded complaint rule," federal jurisdiction is conferred only when a federal question appears on the face of the plaintiff's complaint, not in a defendant's pleadings. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005) ("*Potential defenses . . . do not provide a basis for removal.*").

---

attorney general. The party must promptly file and serve the notice of constitutional question, which will trigger the court's duty to certify a constitutional challenge to the state attorney general. *See* Fed. R. Civ. P. 5.1

[2] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). (Doc. 21 at p. 4).

[3] The Fifth Circuit has expressly held that "all removal defects are waivable except for lack of original subject matter jurisdiction." In re Digicon Marine, Inc., 966 F.2d 158, 160 (5th Cir. 1992).

2

In addressing this Court's diversity jurisdiction pursuant to § 1332, the Magistrate Judge concluded that although diversity jurisdiction exists between Defendants and Plaintiff, given that there is a controversy between citizens of different states (Louisiana and New York) and the requisite amount in controversy is met (Plaintiff seeks $296,975.14 along with other damages), the foreclosure proceeding should nonetheless be remanded to state court. (Doc. 21 pp. 8–9). A conflict arises between the right to use executory process under Louisiana law[4] with the federal judiciary's obligation to exercise the original jurisdiction provided to it.[5] (Doc. 21 at p. 9). The Magistrate Judge concluded that, "where a plaintiff has a 'right to use' executory process, and executory process is not available to a litigant in federal court, and that litigant has neither consented nor converted the case to an ordinary proceeding, a federal court does not have original jurisdiction." (*Id.* at p. 10). It follows that:

> A federal court cannot issue a writ of seizure and sale in an executory proceeding because the lack of a requirement of citation and judgment before seizure and sale of property does not comply with Rules 4(b) and 12(a) of the Federal Rules of Civil Procedure, which require that a summons and complaint be served on the defendant to answer within 20 days. *See FDIC v. Saxena*, 1994 WL 202364 (E.D.La.1994) (unpublished). Seizure of the property became available in federal court when the action was converted to an ordinary proceeding, which comports with the federal rules. *See id.*

---

[4] Plaintiff filed its Petition for Mortgage Foreclosure by Executory Process with Appraisal in state court, specifically availing itself of the executory process proscribed under Louisiana law. *See* La. C.C.P. art. 2631. Article 2635 provides that a plaintiff must submit certain evidence "[i]n order to prove his *right to use* executory process to enforce the mortgage." (Doc. 21 at p. 9 (emphasis added)).

[5] 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."

3

*First Bank & Tr. v. Swope*, 2008 WL 4059860, at *2 (E.D. La. Aug. 25, 2008); *see also Midsouth Bank, N.A. v. McZeal*, 2011 WL 2173655, at *1–2 (W.D. La. June 1, 2011) ("not only is an executory proceeding predicated on state law, *see, e.g.*, La. Rev. Stat. Ann. § 9:5555, it cannot be prosecuted under federal law."); *Leggette v. Wash. Mut. Bank. FA*, 2005 WL 2679699, at *3–5 (N.D. Tex. Oct. 19, 2005) ("[e]xercising federal jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of judicial responsibilities from state to federal courts."). "Litigating state-law foreclosure lawsuits . . . in a federal forum thus 'threaten[s] to affect . . . the normal currents of litigation,' in which foreclosure proceedings are generally litigated in state courts." *Leggette*, 2005 WL 2679699, at *4 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005); (Doc. 21 at pp. 12–13). This Court is therefore satisfied that the Magistrate Judge articulated the correct legal standard.

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (*Id.* at p. 1). Defendants timely filed an opposition (Doc. 22). Plaintiff did not respond.

Defendants object to the Report and Recommendation and argue that the challenges they have raised regarding the constitutionality of Louisiana's executory process are "not [defenses] as the court posits, but more precisely an attack on a corrupt judicial proceeding inherently flawed. [Defendants] attack the right to

4

foreclose under the theory, as unconstitutional versus raising a defense to the proceeding." (Doc. 22 at p. 5). However, such contentions are unsupported by law or legal authority. Furthermore, Defendants object to the Magistrate Judge's finding that foreclosure proceedings should not be litigated in federal courts because such proceedings do not comport with federal law. (Doc. 22 at p. 6; Doc. 21 at pp. 9–10). Defendants support their objection by arguing that "[w]hile such [executory] proceedings sounding in foreclosure may . . . in the federal context be 'subject to dismissal,' they in no way are mandated to be dismissed from the federal system . . . ." (Doc 22 at pp. 6–7). Defendants attempt to distinguish the Magistrate Judge's citation to *F.D.I.C v. Saxena* by noting that although an executory proceeding under Louisiana law does not comport with the requirements of the Federal Rules of Civil Procedure, nothing in the text of *F.D.I.C v. Saxena* states that foreclosure cases cannot be litigated in a federal court. This Court agrees with this contention. Indeed, there is no absolute bar to litigating foreclosure proceedings in federal court; however, to be litigated in federal court a foreclosure proceeding must be converted from executory process to ordinary process by the plaintiff or upon his consent. Therefore, the Court is satisfied that the Magistrate Judge applied the correct legal standard.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 21)** is ADOPTED as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Remand (Doc. 6)** is GRANTED.

Baton Rouge, Louisiana, this 18th day of October, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA